UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRISHA M. BABLER AND**
**DAVID G. BABLER**
        Plaintiffs,                              Cause No. _____

**UNITED HEALTHCARE INSURANCE**      **JURY TRIAL DEMANDED**
**COMPANY,**
        **Involuntary Plaintiff,**
**v.**

**SOO LINE RAILROAD COMPANY,**

        Defendant.

## NOTICE OF REMOVAL

Defendant Soo Line Railroad Company, ("Soo Line"), by and through undersigned counsel, removes this case to the United States District court of the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1441 and 1446, and state as follows:

## STATE COURT ACTION

1. On January 21, 2021, Plaintiffs filed a Complaint in the Circuit Court of Milwaukee County, Wisconsin, in Case No. 2021 CV 395 against Soo Line Railroad and Sprinkmann Sons Corporation.

2. Defendant acknowledged service of the Summons and Complaint on January 26, 2021.

3. Plaintiffs filed suit against Defendants Soo Line and Sprinkmann Sons Corporation, alleging Plaintiff Trisha Babler was exposed to asbestos through her father who was employed by

Soo Line. Plaintiff's cause of action against Sprinkmann Sons Corporation is based in negligence and strict liability.

4. Sprinkmann Sons Corporation is a resident of the State of Wisconsin, thereby defeating diversity jurisdiction.

5. Discovery is complete and despite thorough written discovery, numerous depositions, and almost completed expert discovery, no evidence has been produced to support any theory regarding exposure to asbestos containing products manufactured by Sprinkmann Sons Corporation. In fact, Plaintiff deposed multiple Soo Line employees and completed a Rule 26 corporate representative deposition as to Soo Line. Plaintiff never deposed a Sprinkmann Sons Corporation employee. No evidence was ever produced to support a negligence or strict liability theory against Sprinkmann Sons Corporation.

6. Sprinkmann Sons Corporation filed a Motion for Summary Judgment which argued that Plaintiffs failed to provide any testimony, documentation or other evidence against Sprinkmann Sons Corporation upon which a cause of action could be brought.

7. On April 13, 2022, Plaintiffs filed a response to Sprinkmann's Motion for Summary Judgment which states: "Without conceding any facts or arguments made in Sprinkmann Sons Corporation's Motion for Summary Judgment, Plaintiffs do not object to the dismissal of Sprinkmann Sons Corporation from this matter." Exhibit A.

8. The court entered an order granting Sprinkmann Sons Corporation's Motion for Summary Judgment in light of Plaintiffs "indicating they do not oppose Sprinkmann Sons Corporation's Motion" on April 27, 2022. Exhibit B.

## BASIS FOR FEDERAL JURISDICTION

9. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Soo Line and Plaintiffs and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Sprinkmann Sons Corporation should have never been a Defendant in this case. Now, after Sprinkmann Sons Corporation's Motion for Summary Judgment is granted, this case is removable.

### *Diversity of Citizenship*

10. Plaintiffs are confirmed to be a married couple living in and residents of the State of Wisconsin.

11. Soo Line is a citizen of Minnesota, as it is a corporation organized under the laws of Minnesota and maintains its principal place of business in Minneapolis, Minnesota. See Exhibit C, Affidavit of Patrick Mooney, ¶ 2. Soo Line RR Co. is wholly owned by Soo Line Corporation, a Delaware corporation, which is wholly owned by CP (US) Holding corporation, a Delaware corporation, which is wholly owned by 3939804 Canada Inc., a Canadian corporation, which is wholly owned by 6061338 Canada Inc., a Canadian corporation, which is wholly owned by Canadian Pacific Railway Company, a Canadian corporation, which is wholly owned by Canadian Pacific Railway Limited, a Canadian corporation. Exhibit C, ¶ 3.

### *Amount in Controversy*

12. Pursuant to state-court rules of pleading, Plaintiffs did not specify the exact amount of damages sought. However, Plaintiffs Complaint requests damages concerning physician pain and suffering, mental anguish and emotional fear, physical impairment, disfigurement, reasonable and necessary medical expenses, lost wages, lost retirement earning capacities, pecuniary loss,

3
Case 2:22-cv-00560-JPS   Filed 05/12/22   Page 3 of 7   Document 1

punitive and exemplary damages, pre-judgment interest and attorneys fees. See Exhibit D, Plaintiffs' Milwaukee County Complaint, ¶ 59 a through k.

13. Where a complaint discloses little about the value of the claims, the court may consider opposing counsel's "good faith estimate of the stakes, . . . if it is plausible and supported by a preponderance of the evidence." if contested. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "Once a defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

14. In this action brought by the Plaintiffs for injuries allegedly sustained as a result of the occurrence described in Plaintiffs' Complaint. In the Complaint, Plaintiff Trisha Babler has alleged terminal mesothelioma. Exhibit C ¶ 12. In discovery Plaintiffs have provided medical bills, which were in a range of $240,000 as of January 2021. Exhibit C, ¶ 4. It can reasonably be ascertained that Plaintiffs will seek damages in excess of $75,000. Additionally, it is not anticipated that Plaintiffs will contest that damages in excess are being sought in the case.

## TIMELINESS OF REMOVAL

15. This removal is timely under 28 U.S.C. § 1446(c)(1), as Plaintiffs acted in bad faith in order to prevent Soo Line from removing the action within the one-year limit, therefore, this case became removable within 30 days of when it became apparent that Plaintiffs had no intention of litigating against Sprinkmann Sons Corporation either through Plaintiffs April 13, 2022 Response to Sprinkmann Sons Corporation's Motion and/or when Sprinkmann Sons Corporation obtained Summary Judgment without opposition from Plaintiffs on April 27, 2022.

## FILING & NOTICE REQUIREMENTS

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant in the state court action are filed as Exhibit D.

17. As required by 28 U.S.C. § 1446(d), counsel for Defendant contemporaneously files a Notice of Filing with the Circuit Court of Milwaukee County, Wisconsin which will advise the state court and Plaintiffs of this removal. A copy of such notice, without exhibits, is attached as Exhibit F.

## CASE ASSIGNMENT SUGGESTION

18. Soo Line requests that this case be assigned to the Eastern District of Wisconsin Milwaukee Division, the Division which encompasses Fond du Lac, Wisconsin, where the occurrence referred to in Plaintiffs' Complaint occurred.

WHEREFORE, Defendant Soo Line Railroad Company removes this action to this Court and respectfully requests that this Court award such further relief as this Court deems appropriate and just.

**DEFENDANT DEMANDS TRIAL BY JURY.**

    Respectfully submitted,

    /s/Emily C. O'Connor
    Thomas Peters
    Emily C. O'Connor
    REIFERS, HOLMES, & PETERS
    5000 West Main Street
    PO Box 23560
    Belleville, IL 62223
    Telephone: (618) 277-9000
    Facsimile: (618) 277-4594
    tpeters@rhpfirm.com
    eoconnor@rhpfirm.com

/s/ Melinda A. Bialzik
Melinda A. Bialzik
KOHNER, MANN & KAILAS, S.C.
4650 N. Port Washington Rd.
Washington Bldg., 2nd Floor
Milwaukee, WI 53212-1059
(414) 962-5110


*Attorneys for Soo Line Railroad Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May 2022, the foregoing was filed electronically using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Emily C. O'Connor
Emily C. O'Connor
